# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re:  Appeal of Agnes Manu :
From Decision of City of :
Philadelphia Tax Review Board : No.  582 C.D. 2023
 :
Appeal of:  Agnes Manu and : Submitted:  December 9, 2024
Steve A. Frempong :


BEFORE: HONORABLE ANNE E. COVEY, Judge
   HONORABLE LORI A. DUMAS, Judge
   HONORABLE STACY WALLACE, Judge

## _OPINION NOT REPORTED_

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**       **FILED:  January 10, 2025**


Agnes Manu and Steve A. Frempong (Appellants)[1] appeal the order entered on January 19, 2023, by the Court of Common Pleas of Philadelphia County (trial court).  The trial court's order, _inter alia_, (1) granted the City of Philadelphia's (City) motion to dismiss Manu's appeal to this Court; (2) dismissed and denied Frempong's petition to intervene on various grounds; and (3) denied Manu's appeal on the merits.  The City has applied for a remand.  We vacate and remand.

## I. BACKGROUND[2]

Because of our disposition and the incomplete record, we need not

---

[1] Appellants have several aliases, including Agnes Frempong, Agnes Frempong-Atuahene, and Steven Frempong-Atuahene.  They are parties in over 1,600 dockets in Philadelphia County since at least 1985, including over 130 dockets since 2022.  Our appellate courts have resolved countless appeals involving Appellants.

[2] We state the facts in the light most favorable to the City, as the prevailing party.  _See generally Leon E. Wintermyer, Inc. v. Workers' Comp. Appeal Bd. (Marlowe)_, 812 A.2d 478, 483-84 (Pa. 2002).  We use the Pa.R.Civ.P. 236 notice dates.  The trial exhibits were not transmitted to this Court.

exhaustively recap the facts. Appellants each own or co-own at least ten properties and apparently have not paid taxes and utilities for many years. In this particular case, on May 4, 2022, the Philadelphia Tax Review Board (Board) determined that Manu failed to pay her water bill for one of their properties for almost four years.[3]

Manu timely appealed to the trial court, which issued a case management order directing her to order the transcript by serving the stenographer with a copy of the notice of appeal and paying for the transcript within 30 days. Order, 6/2/22. The order stated that failure to order the transcript would result in dismissal. In June, the Board, via letter, also notified Manu that she must contact the stenographer to arrange for a copy of the transcript. The trial court ordered the Board to electronically file its record with the trial court, Manu to file her brief by November 7th, and the City to file its brief on December 5th. Order, 8/3/22.

The Board filed a praecipe with the trial court, which asserted that Manu failed to order or pay for the transcript. Praecipe, 9/30/22. In support, the Board attached an email from the stenographer claiming that Manu had not ordered any transcript. *Id.* (attaching Sept. 28, 2022 email). The Board explained that without the transcript, it was unable to (1) prepare findings of fact and conclusions of law, and (2) transmit the record to the trial court. *Id.* Manu did not file any brief.

The City moved to quash Manu's appeal because she had failed to timely order and pay for the transcript, and, accordingly, the Board was unable to certify its record. Mot. to Quash, 12/5/22, ¶ 4. In response, Manu essentially moved for an extension of time *nunc pro tunc*. Mot. for Extraordinary Relief, 12/21/22. Manu asserted that she had contacted the stenographer on the same day she had

---

[3] *See also* Bd. Op. (Phila. Tax. Rev. Bd., No. 35WRMERZW4116, filed Sept. 17, 2018) (resolving dispute for unpaid water bills at this property). Appellants owed almost $19,000 in unpaid water bills in 2008, which grew to almost $40,000 in 2022, even after various write offs. Appellants' Br., 1/9/23, at Ex. E (water account statement).

2

received the Board's June letter and unsuccessfully followed up several times. In support, Manu attached, *inter alia*, a purported October 2022 email from the stenographer, which noted that the stenographer was determining the page count to determine the cost of transcription. *Id.* (attaching email). Manu faulted the stenographer for making it "impossible" for her to timely file her brief by November 7th, and thus, requested an extension. Meanwhile, Frempong filed a petition to intervene on various grounds. The court denied Manu's motion and scheduled a hearing on the City's motion to quash and Frempong's petition to intervene.

One day before the trial court's hearing, Appellants filed a combined brief in support of Manu's appeal and Frempong's motion to intervene. Appellants reiterated that they had contacted the stenographer shortly after receiving the Board's June letter. Appellants' Br., 1/9/23, at 12. That same day, Appellants also filed a praecipe to attach the Board hearing transcript. Praecipe to Attach Tr., 1/9/23.

Following argument, the trial court issued a somewhat confusing order. First, the court granted the City's motion to quash and dismissed Manu's appeal. Order, 1/18/23, ¶ 1. Second, the court denied Manu's appeal on the merits. *Id.* ¶ 3. Third, the court dismissed Frempong's petition to intervene as moot because it granted the City's motion to quash. *Id.* ¶ 2. Fourth, the court dismissed Frempong's petition to intervene as untimely but also denied it on the merits. *Id.* ¶ 4.

Appellants timely appealed to Superior Court, which transferred the appeal to this Court. *In re Manu* (Pa. Super., No. 424 EDA 2023, filed June 8, 2023) (order). Appellants timely filed a court-ordered Pa.R.A.P. 1925(b) statement.[4]

The trial court filed a responsive opinion reasoning, *inter alia*, that

---

[4] Precisely, Appellants filed and signed a single notice of appeal. Notice of Appeal, 2/15/23. Further, Appellants' Rule 1925(b) statement addresses both the intervention petition and statutory appeal, although only Manu signed it. Rule 1925(b) Statement, 3/17/23, at 4 (unpaginated).

because Manu had violated the court's case management order, it dismissed her appeal properly. Trial Ct. Op., 8/1/23, at 6. In its view, Manu's noncompliance made it impossible for the Board to file its findings of fact and transmit its record. *Id.* at 8-9. The court also rejected Frempong's petition to intervene as moot and untimely. *Id.* at 11. The court nevertheless denied Manu's appeal on the merits, reasoning that after reviewing the untimely transcript, the Board did not err. *Id.* at 12.

In support, the trial court noted that Manu had introduced the October 2022 email "from the stenographer's office to Mr. Frempong which stated that they were reaching out to the stenographer concerning the estimate of the cost." *Id.* at 9. The court immediately noted as follows: "However, this email does not indicate that there had been any prior effort from June 16, 2022. Curiously, this email to the stenographer's office, from Mr. Frempong, had not been attached or included in any" of Appellants' filings. *Id.*

## II. ISSUES

Appellants raise three issues. Appellants assert the trial court erred in resolving their appeal because the Board did not file its findings of fact. Next, Frempong contends that he established sufficient grounds to intervene. Finally, Appellants claim the trial court was motivated by bias and prejudice in granting the City's motion to quash. Appellants' Br. at 1-2, 26.

## III. DISCUSSION[5]

Before we can address Appellants' issues, we must resolve the City's

---

[5] We may examine whether the trial court, in its appellate role, erred as a matter of law. 42 Pa.C.S. § 701(a). Section 754(b) of the Administrative Agency Law provides that in an agency appeal, if "the adjudication is not affirmed, the court may enter any order authorized by 42 Pa.C.S. § 706 (relating to disposition of appeals)." 2 Pa.C.S. § 754(b). In turn, 42 Pa.C.S. § 706 provides that an appellate court "may remand the matter and direct the entry of such appropriate order, or require such further proceedings to be had as may be just under the circumstances." 42 Pa.C.S. § 706. We may cite to unreported decisions of this Court as persuasive authority. *See* Pa.R.A.P.

4

application for a limited remand. The City argues the trial court improperly "dismissed the relevance of the October 12, 2022 email from the stenographer" that Manu had (1) attached to her motion for extraordinary relief, and (2) introduced at the hearing. Appl. for Limited Remand, 1/31/24, ¶ 24 (citations omitted). The City points out that the trial court "incorrectly stated" that Manu had never presented this email previously. *Id.* Additionally, the City noted this Court's "preference for . . . resolving cases on the merits," *id.* ¶ 29, and the presence of the Board transcript.

Thus, the City requests that this Court reverse the trial court's order in part, remand to have the Board transmit its record, and permit Manu and the City to argue the merits. *Id.* ¶ 30 & Proposed Order. The City, however, objects to any remand that would permit further proceedings on Frempong's petition to intervene. *Id.* ¶ 31. Nevertheless, the City recognizes that because the trial court had dismissed Frempong's petition to intervene as moot, this Court would have to vacate that portion of the trial court's order. *Id.* ¶ 30 n.6.

In response, Frempong agrees with the City's application for remand but opposes any limitation regarding his intervention petition. Intervenor's Opp'n to the City's Appl. for Limited Remand, 3/6/24. Manu did not file any responsive pleading. The City's application was referred to this panel for disposition. Order, 5/1/24.[6]

Generally, an appellate court may remand for various reasons. 2 Pa.C.S. § 754(b); 42 Pa.C.S. § 706. One reason is when the record conflicts with the trial court's opinion. *See In re New Cent. Baptist Church* (Pa. Cmwlth., No. 1079 C.D. 2022, filed March 22, 2024), 2024 WL 1230493, at *8 (*Baptist*) (vacating and

---

[6] This Court's order mistakenly stated that Manu filed an answer in opposition to the City's application for limited remand.

remanding because the trial court's opinion was "internally contradictory" as it conflicted with "unaddressed evidence of record").

Instantly, in granting the City's motion to quash the appeal, the court discussed an October 2022 email from the stenographer to Frempong. Trial Ct. Op. at 9 (observing that this email "does not indicate that there had been any prior effort" by Appellants). The court confusingly stated that "this email to the stenographer's office, from Mr. Frempong, had not been" presented to the court. *Id.* The trial court could not have been referring to some other email because Frempong testified under oath that he telephoned and wrote a letter—not emailed—the stenographer in the prior months. *See, e.g.*, Notes of Testimony (N.T.), 1/10/23, at 12-13. Thus, it appears the trial court most likely was referring to, and inadvertently mischaracterized, the October 2022 email.

In that regard, the City correctly notes that the trial court erred by stating this October 2022 email was *not* attached or included in any of Manu's filings. To the contrary, Manu did attach the October 2022 email in her filings. It follows that the trial court's decision is "internally contradictory" because the court found otherwise. *See Baptist*, slip op. at 14, 2024 WL 1230493, at *8. Thus, because the record establishes that Manu actually presented the October 2022 email to the court, we agree with the parties that we should vacate and remand for further proceedings.

The City, however, has requested a limited remand, reasoning that we should leave undisturbed the trial court's order that (1) dismissed Frempong's petition to intervene as moot and (2) denied it on the merits. Given the order's disposition, however, we believe it appropriate to vacate the trial court's order entirely. The reason is that if the trial court, upon proper consideration of the October

2022 email, denies the City's motion to quash, the court may wish to revisit how it resolved Frempong's petition to intervene.[7]

## IV. CONCLUSION

For these reasons, we vacate the order below and grant the City's application for remand. We instruct the trial court to resolve all pending motions, including the City's motion to quash, based on all evidence of record, which includes the October 2022 email discussed herein.

_____

**LORI A. DUMAS, Judge**

---

[7] The Board did not transmit its record to the trial court because, per the Board, Manu untimely ordered the notes of testimony. The Board may wish to amend Article 16 of its regulations to formally provide this option to the Board. Bd.'s Regs., 3/23/15, at art. 16 (titled "Records of Proceedings"); *see generally* 2 Pa.C.S. § 553. The City apparently maintains that the Board should have transmitted its record even without the transcript. *Cf.* Pa.R.A.P. 1911(a), (d).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Appeal of Agnes Manu        :
From Decision of City of           :
Philadelphia Tax Review Board   :   No. 582 C.D. 2023
                                   :
Appeal of: Agnes Manu and       :
Steve A. Frempong              :

## O R D E R

AND NOW, this 10th day of January, 2025, we VACATE the January 19, 2023 order entered by the Court of Common Pleas of Philadelphia County (trial court). We REMAND with instructions to the trial court to resolve outstanding motions based on the record including the October 2022 email.

Jurisdiction relinquished.

_____
**LORI A. DUMAS, Judge**